IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-02568-PAB-BNB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GUNNISON ALPINE CONTRACTORS, INC.,
JAMES L. COLEMAN,
DONNA P. COLEMAN,
CAPITAL ONE BANK, and
STATE OF COLORADO, DEPARTMENT OF REVENUE,

    Defendants.
_____

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT CAPITAL ONE BANK**
_____

This matter is before the Court on plaintiff's motion for entry of default judgment against Capital One Bank ("Capital One") [Docket No. 43]. Capital One has not filed a response, nor has any other party to this action.

Plaintiff brought this action to enforce federal tax liens on certain pieces of residential real property ("the subject property") in Gunnison, Colorado. In addition to the property owners and the Colorado Department of Revenue, plaintiff named Capital One as a defendant because Capital One retains a lien in the amount of $2,017.49 on the subject property. *See* 26 U.S.C. § 7403(b) ("All persons having liens upon or claiming an interest in the property involved in such [a tax lien enforcement] action shall be made parties thereto."). Capital One did not file a pleading or otherwise defend against the action, and therefore the Clerk of Court entered default against it pursuant

to Federal Rule of Civil Procedure 55(a) on April 2, 2009 [Docket No. 25].

Thereafter, the remaining defendants stipulated to having the tax assessment against them reduced to judgment, which this Court entered on December 14, 2009 [Docket No. 42]. Plaintiff's foreclosure claim is the sole remaining claim for relief in this case. Yet, Capital One's lien remains, thus preventing an unencumbered sale of the property. Consequently, plaintiff seeks entry of default judgment against Capital One extinguishing any interest it has in the subject property.

In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55: first, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a); second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b). *Williams v. Smithson,* No. 95-7019, 1995 WL 365988 at *1 (10th Cir. June 20, 1995) (unpublished table opinion) (citing *Meehan v. Snow,* 652 F.2d 274, 276 (2nd Cir. 1981)); *Nasious v. Nu-Way Real Estate,* No. 07-cv-01177-REB-MEH, 2008 WL 659667, at *1 (D. Colo. Mar. 6, 2008).

In considering plaintiff's motion pursuant to Rule 55(b), the decision to enter default judgment is "'committed to the district court's sound discretion . . . .'" *Olcott v. Del. Flood Co.,* 327 F.3d 1115, 1124 (10th Cir. 2003) (quoting *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.,* 115 F.3d 767, 771 (10th Cir. 1997)). When exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains,* 946 F.2d 731, 732 (10th Cir. 1991) (quotations marks and citations omitted). "The default judgment must normally be viewed as available

only when the adversary process has been halted because of an essentially unresponsive party." *Id.* It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id.* at 733.

Plaintiff has persuaded the Court that it is entitled to such protection in this case. Capital One has not sought relief from the entry of default or otherwise attempted to participate in this litigation. There is no indication whether it ever will, thus placing plaintiff in the untenable position of either delaying foreclosure indefinitely or attempting to sell an encumbered property for what would surely be a reduced amount in light of Capital One's retained interest in the subject property. Capital One will not be permitted to sit out the litigation to the detriment of plaintiff. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard."). Having failed to take part in this action, Capital One's interest in the subject properties will be extinguished. Under the circumstances of this case, the Court finds that a hearing on the matter, pursuant to Federal Rule of Civil Procedure 55(b)(2), is not necessary.

Therefore, it is

**ORDERED** that default judgment shall enter in favor of plaintiff and against defendant Capital One. Upon entry of judgment, any and all interest Capital One has in the subject property will be extinguished.

3

DATED March 15, 2010.

        BY THE COURT:

        s/Philip A. Brimmer
        PHILIP A. BRIMMER
        United States District Judge